**UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **KIMBERLEY INGRAM,** individually and on behalf of all others similarly situated, | **Case No. 1:22-cv-00309-WMS-LGF** |
| *Plaintiff,* | Hon. Judge William M. Skretny Hon. Magistrate Judge Leslie F. Foschio |
| *v.* | |
| **JAMESTOWN IMPORT AUTO SALES, INC. d/b/a KIA OF JAMESTOWN,** | **CLASS ACTION** |
| *Defendant.* | |

Manuel S. Hiraldo declares as follows:

1.     I am one of the attorneys designated as Class Counsel for Plaintiff under the Settlement Agreement and Release ("Settlement" or "Agreement") entered into with Defendant.[1] I submit this declaration in support of Plaintiff's Motion for Final Approval of Class Action Settlement. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

2.     Notice was designed to provide the best notice practicable, and was tailored to take advantage of the information Defendant had available about Settlement Class members.

3.     The Notice Program was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, the terms of the Settlement, Class Counsel's Attorneys' Fee application and request for Service Award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement. The Notice Program also notified the Settlement Class that any remaining funds would go to a court approved Cy Pres Recipient.

---

[1] All capitalized defined terms used herein have the same meanings ascribed in the Agreement.

4.      All Notices used to contact the Settlement Class have been approved by this Court

5.      Further, the Notices described Class Counsel's intention to seek attorneys' fees and expenses of up to 33% of the Settlement Fund or $165,000 and a Service Award of $5,000.00 for the Class Representative

6.      Without the help and aid of Plaintiff, the Settlement would have been impossible for Class Counsel to achieve.

7.      Plaintiff kept abreast of the case's status, reviewed documents provided by her counsel, and discussed with counsel various aspects of the case, including the Settlement.

8.      Plaintiff took a risk, and provided a valuable public service, by putting herself forward as the class representatives in this case.

9.      Plaintiff also aided Class Counsel in responding to discovery.

10.     Class Counsel requests these fees based on the substantial amount of work performed and the significant risk that it undertook in prosecuting the Litigation purely on a contingency fee basis.

11.     Settlement was not conditioned on any number of attorneys' fees for Class Counsel or incentive award for Plaintiff, which speaks to the fundamental fairness of the process.

12.     There is no clear sailing provision for either attorneys' fees or Service Award which again speaks to the fairness of the Agreement.

13.     Due to their significant experience in TCPA class action litigation, Class Counsel were extremely well-positioned to confidently evaluate the strengths and weaknesses of Plaintiff's claims and prospects for success at trial and on appeal.

*     *     *

2

3

I declare under penalty of perjury of the laws of Florida and the United States that the foregoing is true and correct, and that this declaration was executed in Fort Lauderdale, Florida, on February 21, 2023.

_/s/ Manuel S. Hiraldo_
Manuel S. Hiraldo

3